UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

| Case No. | **SACR 16-76-JVS** | | Date | October 2, 2019 |
|---|---|---|---|---|

| Present: The Honorable | **JAMES V SELNA, U.S. DISTRICT COURT JUDGE** |
|---|---|
| Interpreter | |

| Lisa Bredahl | Not Present | Not Present |
|---|---|---|
| *Deputy Clerk* | *Court Reporter/Recorder* | *Assistant U.S. Attorney* |

| U.S.A. v. Defendant(s): | | Present | Cust. | Bond | Attorneys for Defendants: | Present | App. | Ret. |
|---|---|---|---|---|---|---|---|---|
| 1. Gilbert "Gil" N. Michaels | (Waiver) | Not | | X | 1. Joel Levine / Paul Meyer | Not | | X |
| 2. Jerry P. Feldman | (Waiver) | Not | | X | 2. Melissa Weinberger | Not | | X |
| 6. Sean S. Moustakas | (Waiver) | Not | | X | 6. Bobby Samini | Not | | X |
| 7. James R. Milheiser | (Waiver) | Not | | X | 7. Craig Wilke | Not | X | |
| 9. Cynthia A. Weeks | (Waiver) | Not | | X | 9. John Barton | Not | X | |
| 12. Lean D. Johnson | (Waiver) | Not | | X | 12. Karren Kenney | Not | X | |
| 14. Jonathan M. Brightman | (Waiver) | Not | | X | 14. H. Dean Steward | Not | X | |
| 16. Sharon Scandaliato Virag | (Waiver) | Not | | X | 16. Robison Harley | Not | X | |
| 18. Tammi L. Willliams | (Waiver) | Not | | X | 18. Correen Ferrentino | Not | X | |
| 21. Francis S. Scimeca | (Waiver) | Not | | X | 21. Shaun Khojayan | Not | X | |

**Proceedings:**   [IN CHAMBERS] <u>Minute Order re Defendants' Reciprocal Discovery Obligations</u>

   At the September 23, 2019 hearing, the Court requested supplemental briefing with regard to the defendants' reciprocal discovery obligations under Federal Rule of Criminal Procedure 16(b).  (Docket No. 752, p. 2.)  Defendants Gilbert Michaels ("Michaels") and  Jerry Feldman ("Feldman") have submitted a brief (Docket No. 760), as has the Government (Docket No. 761.)

   Federal Rule of Criminal Procedure 16 imposes the following obligation on defendants:

   (A) If a defendant requests disclosure under Rule 16(a)(1)(E) <u>and the government</u>

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

complies, then the defendant must permit the government, upon request, to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items if:

    (i) the item is within the defendant's possession, custody, or control; and

    (ii) the defendant intends to use the item in the defendant's case-in-chief at trial.

(B) Reports of Examinations and Tests. If a defendant requests disclosure under Rule 16(a)(1)(F) and the government complies, the defendant must permit the government, upon request, to inspect and to copy or photograph the results or reports of any physical or mental examination and of any scientific test or experiment if:

    (i) the item is within the defendant's possession, custody, or control; and

    (ii) the defendant intends to use the item in the defendant's case-in-chief at trial, or intends to call the witness who prepared the report and the report relates to the witness's testimony.

(Fed. R. Crim. R. 16(b)(1)(A)-(B).)

The defendants' obligation is triggered by the Government's compliance with defendants' discovery requests. The courts have made clear that "the government's entitlement to reciprocal discovery on its compliance with a defendant's corresponding discovery requests, [means] compliance in this context . . . . *substantial* compliance, not total compliance that is completely faultless." United States v. Burke 2015 WL 1931327 at *3 (N.D. Tex. Apr. 29, 2015) (italics in original). There can be little doubt that the Government has substantially complied having produced thousand of pages of documents, Jencks Act disclosures, its witness list, and its trial exhibit lists.

Michaels and Feldman acknowledge their Rule 16 obligations, but assert that they will only produce "within five days of certification that discovery has been completed, and no further exhibits and/or witnesses will be forth coming." (Michaels/Feldman Brief, 1-2.) No such certification is required, and there is no basis for defendants to withhold discovery until the last spec of any possible government disclosure has been made. Trials are fluid on both sides in terms of what is actually presented at trial.

All defendants are ordered to produce no later than October 11, 20019 every document or other evidence they intend to use either for examination in the Government's case in chief or their case in chief, save only true impeachment documents. United States v. Swenson, 298 F.R.D. 474, 476-77 (D. Id. 2014); accord United States v. Ellison, 704 Fed. Appx. 616, 624 (9th Cir. 2017) ("The district court properly refused to limit Appellants'

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

production obligation to those exhibits they planned to introduce with their own witnesses by refusing to cabin their "case-in-chief" to the period after which they called their first witness at trial, because a defendant may establish his defense by cross-examining the government's witnesses.").

The Government has also briefed the issue of the defense's disclosure of any intent to rely on advice of counsel.   Michaels and Feldman have filed a Supplemental Brief.  (Docket No. 767.)  The Government is ordered to file a response no later than noon October 7, 2019.

|                    |   | : | 0 |
|--------------------|---|---|---|
| Initials of Deputy Clerk | lmb | | |

cc: