UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

| Case No. | SACR 16-76-JVS | Date | October 16, 2019 |
|---|---|---|---|

| Present: The Honorable | JAMES V SELNA, U.S. DISTRICT COURT JUDGE |
|---|---|
| Interpreter | |

| Lisa Bredahl | Not Present | Not Present |
|---|---|---|
| Deputy Clerk | Court Reporter/Recorder | Assistant U.S. Attorney |

| U.S.A. v. Defendant(s): | | Present | Cust. | Bond | Attorneys for Defendants: | Present | App. | Ret. |
|---|---|---|---|---|---|---|---|---|
| 1. Gilbert "Gil" N. Michaels | (Waiver) | Not | | X | 1. Joel Levine / Paul Meyer | Not | | X |
| 6. Sean S. Moustakas | (Waiver) | Not | | X | 6. Bobby Samini | Not | | X |
| 7. James R. Milheiser | (Waiver) | Not | | X | 7. Craig Wilke | Not | X | |
| 12. Lean D. Johnson | (Waiver) | Not | | X | 12. Karren Kenney | Not | X | |
| 14. Jonathan M. Brightman | (Waiver) | Not | | X | 14. H. Dean Steward | Not | X | |
| 16. Sharon Scandaliato Virag | (Waiver) | Not | | X | 16. Robison Harley | Not | X | |
| 18. Tammi L. Williams | (Waiver) | Not | | X | 18. Correen Ferrentino | Not | X | |
| 21. Francis S. Scimeca | (Waiver) | Not | | X | 21. Shaun Khojayan | Not | X | |

**Proceedings:** [IN CHAMBERS] <u>Further Minute Order re Defendants' Reciprocal Discovery</u>

At the hearing on October 16, 2019, the defendants raised certain questions with regard to their reciprocal discovery obligations. (<u>See</u> Docket No. 768.) The Court previously ordered:

> All defendants are ordered to produce no later than October 11, 20019 every document or other evidence they intend to use either for examination in the Government's case in chief or their case in chief, <u>save only true impeachment documents</u>.

(<u>Id.</u>, p. 3; emphasis supplied.)

When a defendant's reciprocal discovery obligation has been triggered:

defendant must permit the government, upon request, to inspect and to copy or

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

> photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items if:
> (i) the item is within the defendant's possession, custody, or control; and
> (ii) the defendant intends to use the item in the defendant's case-in-chief at trial.

(Fed. R. Crim P. 16(b)(1)(A).) It is insufficient to simply state that the defendant will be using documents produced by the Government in discovery. Any defendant who has not complied with the Court's order shall forthwith provide the Government a list of the specific documents that defendant intends to use or make available for copying and review all such documents.

The Court's order was directed to all documents "save only true impeachment documents." (Docket No. 768, p. 2.) At the hearing, certain defendants professed uncertainty as to the meaning of this phrase. The concept of impeachment is neither arcane nor opaque. The following discussion in <u>United States v. Swenson</u>, 298 F.R.D. 474, 476-77 (D. Id. 2014) (emphasis supplied), is informative:

> In the Court's view, when cross examining a government witness, a defendant is asserting the defense that the government cannot prove the required elements of the crime charged and thus is <u>required to disclose any evidence it seeks to use to establish the failure of proof</u>. On the other hand, the defendant is not required to disclose evidence used to impeach a government witness by, <u>for example, showing a prior inconsistent statement</u>. To hold otherwise, would effectively render Rule 16(b)(1)(A) a nullity unless a defendant asserted an affirmative defense or planned to put on his or her case after the government rested.

The Court draws two conclusions. First, evidence which does no more than rebut the Government's proof is not impeachment. <u>United States v. Crowder</u>, 325 F. Supp. 3d 131, 137 (D. D.C. 2018.)[1] Second, impeachment evidence is evidence that impeaches the witness. The

---

[1] <u>Crowder</u> collects the cases:

```
Nearly every court to consider the issue has concluded the
same. See, e.g., United States v. Hsia, No. 98-57, 2000 WL
195067, at *2 (D.D.C. Jan. 21, 2000) ("[E]vidence
[introduced] through cross-examination that the Court finds
is part of [defendant's] case-in-chief" is subject to Rule
16(b) disclosure); United States v. Napout, No. 15-252, 2017
WL 6375729, at *7 (E.D.N.Y. Dec. 12, 2017) ("Rule 16
requires Defendants to identify all non-impeachment exhibits
they intend to use in their defense at trial, whether [or
not] the exhibits will be introduced through a government
```

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

example given in <u>Swenson</u> is a prior inconsistent statement. See <u>United States v. Aiyaswamy</u>, 2017 WL 1365228 at * 5 (N.D. Cal. Apr. 14, 2017).

The Court will hold the defendants to their reciprocal discovery obligations.

|  | : |
|---|---|
| Initials of Deputy Clerk | lmb |

cc:

---

witness."); <u>United States v. Aiyaswamy</u>, No. 15-568, 2017 WL 1365228, at *5 (N.D. Cal. Apr. 14, 2017) ("Defendant must disclose and produce substantive, non-impeachment evidence under Rule 16(b), whether ... [to be] introduce[d] during cross-examination or after the Government rests."); Holden, 2015 WL 1514569, at *2 (same); <u>United States v. Larkin</u>, No. 12-319, 2015 WL 4415506, at *5 (D. Nev. July 20, 2015) (same); <u>United States v. Swenson</u>, 298 F.R.D. 474, 476 (D. Idaho 2014) (same). Accordingly, the Court finds that the phrase "case-in-chief" in Rule 16(b)(1)(A) refers to any substantive evidence Brumfield affirmatively intends to introduce to prove her theory of the case or defenses, as opposed to for the purpose of impeachment only, regardless of when during the trial such evidence will be offered.

(325 F. Supp. 3d at 137.)